IN THE UNITED STATES DISTRICT COURT 
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GLENN GEORG and MARK NIXON,

    Plaintiffs,

v.

ALLEGHENY ENERGY SERVICE
CORPORATION,

    Defendant.

Civil Action No. 2:10-cv-01387

Chief Judge Gary L. Lancaster

ELECTRONICALLY FILED

## STIPULATED PROTECTIVE ORDER

Plaintiffs Glenn George and Mark Nixon ("Plaintiffs") and Defendant Allegheny Energy Service Corporation ("Defendant") hereby enter into, and submit for the Court's approval, this Stipulated Protective Order ("Order") for the protection of Confidential Information during the course of this litigation, under Fed. R. Civ. P. 26(c) and in compliance with the Court's standing order of January 27, 2005 relating to Confidentiality and Protective Orders in Civil Matters, and state as follows:

1. A party may designate as confidential any and all documents containing confidential, proprietary or personal information (hereinafter, "Confidential Materials") pursuant to the following procedures set forth below:

    (a) Confidential Materials shall, if in documentary form and copied for production, be stamped or designated "Confidential" and maintained and disclosed subject to the provisions of this Agreement;

    (b) Confidential Materials produced prior to the entry of this Order may be so designated subsequent to the entry of this Order;



(c) As to oral testimony, any party may designate materials as "Confidential" either immediately before or after the testimony by so stating on the record, or by written notification within thirty (30) days after receipt of any deposition transcript.

2. Confidential Information shall be used solely for the purpose of conducting this litigation in good faith and not for any business, personal, or other purpose whatsoever. Confidential Information may be disclosed to the following persons only:

(a) Plaintiffs or Defendant;

(b) Attorneys of record for all parties in the case and their associated lawyers, their legal assistants, and their secretarial and clerical employees; and

(c) Any deponent or fact or expert witness to whom, in the judgment of an attorney of record or an unrepresented party, disclosure of such material is required in order to assist such attorney or unrepresented party in the preparation or the conduct of this litigation, but only upon the signature by such person, prior to such disclosure, of an Agreement to Be Bound By Protective Order hereto as Exhibit A, which Agreement shall be retained by the attorney of record for the party or the unrepresented party that discloses such Confidential Information. All transcripts of depositions in which material designated confidential pursuant to this Order has been disclosed shall be treated as confidential for ten (10) business days after receipt, during which time confidential portions, if any, may be designated by either party.

 CONFIDENTIAL

3. If any party intends to include Confidential Materials in any papers filed with the Court, the party intending to disclose the Confidential Materials will either seek leave of Court to file said Confidential Materials under seal pursuant to the Court's standing order of January 27, 2005, or consent from the other party or parties for waiver of this requirement.

4. Upon termination of this litigation by settlement or final judgment, the attorneys of record for each party receiving Confidential Information and any unrepresented party receiving Confidential Information shall assemble and return to the party originally furnishing such information all documents containing Confidential Information.

5. All persons governed by this Protective Order (including those who sign the Agreement to Be Bound By Protective Order attached as Exhibit A) are subject to the jurisdiction of this Court over their person for the purpose of any action seeking to enforce the terms and conditions of this Protective Order, or for any action for contempt for violation of the terms of this Protective Order.

6. This Agreement and Order shall survive the termination of the Action and shall continue in full force and effect thereafter. This Agreement and Order may be modified or amended by agreement of the parties or by order of the Court for good cause shown.



Respectfully submitted,

/s/ *Susan N. Williams*
Susan N. Williams, Esquire
101 North Main Street, Suite 106
Greensburg, Pa 15601
snwilliams2004@yahoo.com
724.838.8110
724.838.1600 (fax)

*Counsel for Plaintiffs*

/s/ *Theodore A. Schroeder*
Theodore A. Schroeder (PA ID No. 80559)
tschroeder@littler.com
Lisa L. Steele (PA ID No. 78733)
lsteele@littler.com
**LITTLER MENDELSON, P.C.**
EQT plaza, 26th Floor
625 Liberty Avenue
Pittsburgh, PA 15222
412.201.7624/7668
412.456.2377 (fax)

*Counsel for Defendant,*
*Allegheny Energy Service Corporation*

IT IS SO ORDERED, this 24th day of August, 2011.

BY THE COURT:

**CHIEF JUDGE GARY L. LANCASTER**